ESTATE OF LINDH: LUNDGREN, Claimant, Respondent, vs. LINDH, Administrator, Appellant.

*May 22—June 22, 1946.*

The cause was submitted for the appellant on the brief of *Morris E. Yager* of Frederick, and for the respondent on the brief of *Nelton & McGinnis* of Balsam Lake.

FRITZ, J.  The trial court's findings of fact (so far as material on this appeal) are to the following effect.  In October, 1941, the claimant, Florence Lundgren, and the decedent, Harry Lindh, purchased about eighty hogs to raise, sell, and divide the profits; and the hogs were kept on a farm operated by claimant and her husband, with whom Lindh resided.  For taking care of the hogs, he was to receive his board, room, and laundry until they were sold; and for his room, board, and laundry thereafter he agreed to pay claimant for such period as he stayed in her home.  In addition the court found that the hogs were not disposed of until about June 1, 1942, and that Lindh's agreement to pay board became effective on that date; that up to February 9, 1943, he continued to reside with the claimant and her husband and she furnished him with his board, lodging, and laundry, the reasonable value of which was $1 per day, and $254 for the period from June 1, 1942, to February 9, 1943.

On this appeal from the judgment for the payment of that amount to claimant, the administrator contends the findings (1) that Lindh agreed to pay claimant for his board, lodging, and laundry for such period as he stayed in her home after the hogs were sold, and (2) that he stayed there and was

furnished such board, lodging, and laundry by her up to February 9, 1943, are against the great weight and clear preponderance of the evidence. But, in respect to the latter finding, appellant's claim is merely that instead of February 9th, the date should be January 29, 1943. Upon our review of the evidence in relation to the subject matter of those findings, it is our conclusion that they are not against the weight and clear preponderance of the evidence, and that therefore they should be sustained.

It is further contended by appellant that there is no basis in the evidence for the court's findings that the hogs were disposed of about June 1, 1942, and that the agreement to pay board became effective from that date. This contention must be sustained. Although there is testimony by claimant that the hogs were sold and gone on or before April 1, 1942, that is clearly contrary to the weight and clear preponderance of the evidence; and that the court did not believe that testimony is evident in view of the court's finding that the hogs were not disposed of until about June 1, 1942. But as to that date, there also is no evidence which can be deemed to afford any basis for finding that the hogs were disposed of by that date; and likewise there is no evidence as to the disposal thereof by any other particular date. There is, on the other hand, testimony by a brother of the deceased Harry Lindh that on one occasion in June, 1942, he saw forty to fifty of the hogs in a pasture rented to deceased and claimant, and that they still had the hogs there about two weeks later. But as this testimony likewise does not prove at what time thereafter the last of the hogs were disposed of, and as the date thereof must be proven by the claimant in order to determine the commencement of the period for which she may be entitled to payment for the board, lodging, and laundry furnished the deceased, the judgment for her recovery of $254 cannot be sustained.

There is testimony that in the summer or fall of 1942, claimant and the deceased conferred with his niece, a schoolteacher, to have her figure their standing on the hog business;

and that they gave her figures which she wrote on sheets of paper, which were introduced in evidence on the trial. Claimant testified they all agreed as to the items written on those sheets as the amounts paid for purchases of hogs and feed, and also agreed as to a list of ten items aggregating $2,653.33 received on the sales of hogs and corn from time to time. The sixth item in the list reads: "$867.76 Pigs 26;" and the tenth item reads: "$1,071.98 Hogs." These two items and their sequence in the series of items listed might have been of considerable significance,—if there had been an earnest and *bona fide* effort to establish the date of the last disposal of the hogs,—when it is noted that the item of "$867.76 Pigs 26" corresponds with the figures as to the amount of a check issued for that sum, and as to that number of hogs, which are written on a livestock sales-agency invoice dated June 18, 1942, of a sale for "H. A. Lindh." This invoice was marked as an exhibit and referred to in the course of the cross-examination of the plaintiff on the trial, but on an objection by her attorney to the admission of the exhibit in evidence, the court sustained the objection. Moreover on the cross-examination of claimant as to when she and the deceased and his niece had the conference, as stated above, she testified that she does not remember whether that conference was a week, or a month, or two or five months after the hogs were sold. As there consequently was no proof which admits of finding at what time the hogs were finally disposed of, the judgment must be reversed and the cause remanded with directions for further proceedings for the determination of that issue.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings as stated in the opinion.